## Hicks v. Amerman

C.P. of Lebanon County, no. 95-00149.

*Loreen M. Burkett*, for plaintiff.
*Michael D. Reed*, for defendants.

EBY, *P.J.*, July 10, 1997—The question raised in the instant case is under what circumstances the jurisdictional provisions of the federal Employee Retirement Income Security Act prohibit this court from entertaining a claim.

Michelle Hickman, an employee of Amerman & Co., an accounting firm, relied on an outdated employee medical benefits handbook when deciding to undergo elective surgery to treat a chronic gall bladder problem. Prior to the procedure, she examined the booklet, called the health care insurance company that provided coverage, had the surgery "pre-certified," underwent the surgery, and submitted her claim to her employer's health care insurer. She then learned her employer's health plan did not cover the procedure. Consequently, she sued her employer for the cost of the surgery and follow-up care, asserting that by directing her to an outdated benefits handbook when she asked about benefits, her employer became liable for the medical expenses she had incurred in reliance on the handbook.

Her employer, correctly asserting that ERISA governs creation and administration of employee health plans, argues that ERISA provides that any claims arising out of such a plan must be litigated in federal court, and has asked for leave to file a motion for summary judgment. At a pretrial conference, we directed the parties to address the issue, by brief and oral argument, of whether ERISA governs defendant's health plan and so restricts plaintiff to sue in federal court.

Section 1451(c) of ERISA, 29 U.S.C. §1451(c), bestows upon federal district courts exclusive jurisdiction over ERISA claims. We note, however, that ERISA applies to all employers "engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. §1003(a)(1) (West 1985). "Commerce" is "trade, traffic, commerce, transportation, or communication between any state and any place outside thereof." 29 U.S.C. §1002(11) (West 1996 Supp.). "Industry or activity affecting commerce" is "any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce, and includes any activity or industry 'affecting commerce' within the meaning of the Labor Management Relations Act, 1947 [29 U.S.C. §141 et seq.], or the Railway Labor Act [45 U.S.C. §151 et seq.]." 29 U.S.C. §1002(12) (West 1996 Supp.).

Although there is no evidence of record on this issue, Amerman & Co. *appears* to be an accounting firm with but one office, in Palmyra, Pa. We did not have enough facts at the time of the pretrial conference to determine whether the firm actually engages in "interstate commerce" and thus whether the claim may fall under ERISA. Unfortunately, neither party has given us further guidance on the issue of whether Amerman & Co. engages in "interstate commerce."

Defendant repeats its prior argument that ERISA applies because an employee health plan is at issue, ap-

parently taking that position that all employer-sponsored health plans fall under the Act, no matter the size of the employer, the nature of its business, or the nature of the claim. Plaintiff takes a slightly different position: she argues that defendants are not "employers" under ERISA because ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." Plaintiff argues that the Pa. Builders' Association Benefits Trust, which administers the Amerman health insurance plan, is the statutory "employer" that is immune from state court claims.

Plaintiff also argues that she is not asking us to interpret the obligations of the insurer or the plan administrator; she is asking us to determine whether her employer must pay a bill that she incurred because she relied on his statements. She asserts that her claim is a common-law claim which does not arise out of an ERISA-governed employee health plan.

There are no court cases on whether ERISA governs all pension and health benefit plans offered by all private employers in the United States, no matter what their size or the nature of their business. There are many cases in which ERISA's preemption of state law claims have been discussed. In these cases, the defendant was patently an employer that engaged in interstate commerce, or a union subject to the Labor Management Relations Act. See *e.g.*, *Murzyn v. AMOCO*, 925 F. Supp. 594 (N.D. Ind. 1995); *Jung v. FMC Corp.*, 755 F.2d 708 (1985); *Johnson v. Transworld Airlines Inc.*, 149 Cal.App.3d 518, 196 Cal.Rptr. 896 (1983). Still, there are cases in which an employer who did not appear to be involved in "interstate commerce" successfully asserted the ERISA preemption provisions.

In *Holloway v. Doug Fisher Inc.*, 865 F. Supp. 412 (E.D. Mich. 1994), an employee sued his former employers, both personally and in their business personas,

for their failure to pay his health insurance premiums when their acts led him to believe they had done so. After the employee was injured, he submitted insurance reimbursement forms, and was told by the insurer that he was not covered under his employer's health plan. He sued his two former employers, his current employer, and the principals of each, asserting negligence, fraud, breach of contract, unjust enrichment, and other common-law claims. The employee had paid health insurance premiums through paycheck deductions while he was employed by both employers, but because of employer errors, the premiums were not transmitted to the health insurer and the employee was not listed by the employer as a "covered employee" with its insurer.

The federal district court determined that because plaintiff's claims against his second employer, Catalyst Inc., involved that employer's failure to follow federal laws regarding continuation of health insurance coverage, those claims were preempted by ERISA. *Id.* 865 F. Supp. at 418. But because his claims against his first and third employers were not based on benefit plans, there was no preemption. The plaintiff claimed that his first and third employers committed fraud by promising him health coverage, deducting premiums from his paychecks, and then failing to provide coverage. He also alleged that his first and third employers converted his money by failing to pay premiums, and intentionally inflicted emotional distress upon him.[1]

The court in *Holloway* did not discuss whether the defendants engaged in interstate commerce. They appeared to ship books to schools within the state of Michigan. We turn to U.S. Supreme Court cases in an effort to find guidance.

---

1. The court went on to dismiss some of these common-law claims as not supported by the record. *Id.,* 865 F. Supp. 421, 425.

In *Ingersoll-Rand v. McClendon,* 498 U.S. 133, 112 L.Ed.2d 474, 111 S.Ct. 478 (1990), the U.S. Supreme Court stated:

"Section 514(a) was intended to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among states or between states and the federal government. Otherwise, the inefficiencies created could work to the detriment of plan beneficiaries. . . . Particularly disruptive is the potential for conflict in substantive law. It is foreseeable that state courts, exercising their common-law powers, might develop different substantive standards applicable to the same employer conduct, requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction. Such an outcome is fundamentally at odds with the goal of uniformity that Congress sought to implement." *Id.,* 498 U.S. at 142, 112 L.Ed.2d at 486, 111 S.Ct. at 509-510. (citations omitted)

It is clear that the Supreme Court takes the position that state courts should not be interpreting the ERISA statute, or ordering employers to right wrongs done to their employees pursuant to ERISA plans.

In *Dukes v. U.S. Healthcare Inc.,* 57 F.3d 350 (3d Cir. 1995), the U.S. Court of Appeals for the Third Circuit was asked to determine whether medical malpractice claims raised by plaintiffs must be heard in federal court because of ERISA preemption. The court of appeals found that the claims had been improperly removed to federal court from state court, as they did not require interpretation of the ERISA statute:

"[P]laintiffs' claims, even when construed as U.S. Healthcare suggests, merely attack the *quality* of the of the benefits they received: The plaintiffs here simply do not claim that the plan erroneously withheld benefits due. Nor do they ask the state courts to enforce their

rights under the terms of their respective plans or to clarify their rights to future benefits. As a result, the plaintiffs' claims fall outside the scope of section 502(a)(1)(B) and these cases must be remanded to the state courts from which they were removed." *Id.* at 356. The section to which the court of appeals refers in *Dukes* has been codified at section 1132(a)(1)(B):

"(a) Persons empowered to bring a civil action

"A civil action may be brought—

"(1) by a participant or beneficiary— . . .

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . . ." 29 U.S.C. §1132 (West 1985 & 1997 Supp.). The reason underlying plaintiff's suit in the instant case is that the medical treatment she obtained is NOT a benefit due under the plan. We accordingly find that the claim at issue is not preempted by ERISA law, and will deny defendant's request for leave to file a motion for summary judgment on the issue.

This case is analogous to the following situation. Suppose an employee has the need to drive her own car on company business, but lacks auto insurance. She asks her employer if she is covered under the company policy while driving her car, and he assures her that she is covered. Relying on her employer's assurance of coverage, the employee drives her car and negligently injures the property of another in an accident. She puts in a claim for indemnification, then learns that her employer's insurance will not pay any damages for her negligence. The employee has incurred liability to a third party (the property owner), partly because she relied on her employer's assurance of insurance coverage and partly because of her own act of negligent driving.

In another analogy, an employee wishes to bring a friend's personal computer to the office, and asks her

employer whether it will be covered by his office insurance in the event something happens to it. He assures her that the office insurance will cover the computer, and, relying upon his assurance, she brings it to the office, from which it is stolen. She puts in a claim and learns the office policy does not cover the computer. She is liable to the computer's owner for its loss, partly because she relied on her employer's assurance of coverage and partly because of her own act in bringing the computer to the office.

Here, plaintiff wished to obtain medical treatment for a troubling physical condition. She asked her employer for a description of his insurance coverage, and he directed her to a booklet. The booklet stated the employer's insurer would pay for her medical treatment, and, relying on the booklet and her employer's words, she obtained medical treatment. She put in a claim and learned the insurer would not pay for her treatment. She is now liable to her health care providers, partly because she relied on her employer's words and booklet, and partly because of her own act in obtaining medical treatment.

Under the circumstances of this case, we determine that plaintiff's claim is not preempted by ERISA, and so her case is properly before us. Upon the parties' praecipe, the matter will be listed for a non-jury trial.

## ORDER

And now, to wit, July 10, 1997, upon careful consideration of the parties' pretrial memoranda, the arguments they have presented in their briefs, and analysis of the applicable statutes and cases, it is hereby ordered that defendants' request for leave to file a motion for summary judgment is denied. The case shall be listed for a non-jury trial upon the praecipe of any of the parties.